IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LAUREN MARIE SELF,

    Plaintiff,

v.

MEAT MARKET PALM BEACH, LLC,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, LAUREN MARIE SELF, [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendant, MEAT MARKET PALM BEACH, LLC, a Florida limited liability company and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, is a resident of Palm Beach County, Florida.

5. Defendant, MEAT MARKET PALM BEACH, LLC, has a principal place of business at 191 Bradley Place, Palm Beach, Florida 33480.

6. This cause of action arose in Palm Beach County.

7. Palm Beach County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

8. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

9. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

11. Plaintiff was employed with Defendants from on or about October 2019 up to January 8, 2020.

12. Plaintiff's position was that of sous chef with primary duties including cooking, prepping and working in the kitchen.

13. Plaintiff did not have supervisory duties.

14. Plaintiff regularly worked over forty (40) hours in a given work week.

15. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

16. Defendant failed to pay Plaintiff overtime as required by Federal law.

17. Plaintiff is a non-exempt employee under the FLSA.

18. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

19. Plaintiff estimates she worked a minimum of 60 hours per week and in some weeks over 70 hours or more during the eleven (11) weeks she was employed. She was paid an annual salary of $55,000.00

20. Using an average based on Plaintiff's good faith recollection of her hours worked, Plaintiff calculates her overtime damages for 11 weeks of employment based on average hours of 65 hours a week at her half time rate of $8.13 (based on regular rate of $16.27) x 15 hours a week x $8.13 = $122.04 per week x 11 weeks = $1,342.46.

21. Plaintiff seeks an equal amount as liquidated damages for total damages of $2,684.91

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges Paragraphs 1 through 21 as set forth herein.

22. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

23. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

24. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

25. Defendant failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

26. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

27. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for

the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

30. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 20th day of April 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com